In re KILLIAN MFG. CO.

(District Court, E. D. Pennsylvania. December 18, 1913.)

No. 4,668.

BANKRUPTCY (§ 165*)—PERSONAL PROPERTY—BANKERS' TITLE—ADVANCES TO PAY FOR GOODS—DELIVERY ON TRUST RECEIPT.

Where a bank, in accordance with custom, furnished credit to purchase silk, taking title thereto in its own name and delivering the same to certain bankrupts for manufacture under a trust receipt binding the bankrupts to hold the goods, or the proceeds thereof, for the bank until the purchase price was paid, the title never passed to the bankrupts, and their agreement while insolvent to return the goods to the bank was not a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. § 165.*]

In Bankruptcy. Proceedings against the Killian Manufacturing Company. On certificate of referee allowing a claim of Smith & Schipper, agents for William Brandt's Sons & Co., bankers, to recover certain silk purchased and delivered to the bankrupts. Affirmed.

Wessel & Aarons, of Philadelphia, Pa., for trustee.

James Collins Jones, of Philadelphia, Pa., and Irving L. Ernst, of New York City, for claimant.

J. B. McPHERSON, Circuit Judge. Unless the case of Century Throwing Company v. Muller (C. C. A. 3d Circ.) 197 Fed. 252, 116 C. C. A. 614, was wrongly decided—to say nothing of other cases cited by the claimants' counsel—the referee's order was right. I agree with the findings of fact, as well as with the conclusion that the title of the bankers was not transferred, either directly or indirectly. I need not set out again the somewhat complicated facts of the transaction, which began in Japan and passed through several stages, ending in Pennsylvania with the delivery of the silk on consignment to the bankrupt corporation. Nowhere in the line can I find anything to show that

the bankers' title—which in the beginning was undoubted—was ever divested, either by any positive act of their own, or by any act of an agent that binds them under the doctrine of estoppel.

The papers that were signed within four months of the bankruptcy neither strengthened nor weakened this title. They were properly disregarded by the referee, and need not be considered now. They might have been relevant, if the question concerned an attempted preference; but, if this silk did not belong to the bankrupt, there would be no preference in returning it to the real owner—still less, in agreeing to return it. In my opinion, the fundamental facts in the controversy are these: The bankers started with the full ownership of this silk, and this ownership has never been lost. The use of trust receipts has become so common in recent years as to lead the courts (which always follow an established business usage sooner or later) to modify in some particulars the stringency of the old rule concerning the effect of divorcing the title and the possession of personal property. Judge Gray deals with this subject more at length in the Century Company's Case.

The order of the referee is affirmed.